# RE OCHS.

TRADEMARK; DESCRIPTIVENESS; PRIOR MARK.

1. A trademark for men's clothes, consisting of the words "Gold Bond Clothes" printed across the symbol and figures "$15.00" is rendered descriptive, both of the goods and of their character and quality, by the word "Clothes" and the symbol and figures "$15.00". (Citing *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.* 30 App. D. C. 505; *Re Meyer Bros. Coffee & Spice Co.* 32 App. D. C. 277; *Johnson* v. *Brandau*, 32 App. D. C. 348; *Planten* v. *Canton Pharmacy Co.* 33 App. D. C. 268; *Re Anti-Cori-Zine Chemical Co.* 34 App. D. C. 191; *Re Meyer Bros. Coffee & Spice Co.* 38 App. D. C. 520.)

2. An applicant for a trademark has no right to incorporate the registered mark of another as an essential part of his mark, where such other's registration has not been abandoned. (Citing *Carmel Wine Co.* v. *California Winery*, 38 App. D. C. 1.)

No. 888.  Patent Appeal.  Submitted January 20, 1914.  Decided February 2, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents refusing registration of a trademark.  *Affirmed.*

The facts are stated in the opinion.

*Mr. T. V. Maxedon* and *Mr. L. T. Michener* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents refusing to register, as a trademark for "men's and young men's clothing, consisting of overcoats, raincoats, coats, vests, and trousers," the words "Gold Bond Clothes" printed across

the symbol and figures "$15.00," on the grounds of the refusal being that "Clothes" and "$15.00" are descriptive, as used by applicant, and that the words "Gold Bond" are anticipated by the registered mark of one Rosenthal.

We agree with the Commissioner that the word "Clothes," in connection with the symbol and figures "$15.00," not only renders the mark descriptive of the goods with which it is used, but also of the character or quality of such goods. See *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.* 30 App. D. C. 505; *Re Meyer Bros. Coffee & Spice Co.* 32 App. D. C. 277; *Johnson* v. *Brandau,* 32 App. D. C. 348; *Planten* v. *Canton Pharmacy Co.* 33 App. D. C. 268; *Re Anti-Cori-Zine Chemical Co.* 34 App. D. C. 191; *Re Meyer Bros. Coffee & Spice Co.* 38 App. D. C. 520.

In *Carmel Wine Co.* v. *California Winery,* 38 App. D. C. 1, we ruled that one has no right to incorporate the mark of another as an essential feature of his mark. It follows, therefore, that appellant has no right to register the words "Gold Bond" unless and until it is made to appear that the Rosenthal registration has been abandoned; and that question may be determined either by an interference or by the filing of Rosenthal's waiver of the mark.

The decision is affirmed.                          *Affirmed.*